CHIEF JUSTICE WILLIAMS
delivered the opinion of the court:
By an act of February 28, 1860, the Legislature authorized the trustees of the town of Poplar Plains to sell a lot *253 and school-house therein, the title to which was in said trustees, and to invest “ the proceeds of sale in the purchase of other grounds and the erection of other schoolhouse buildings.” By authority of this statute and pursuant to the popular will of the tax-payers of the town, almost unanimousl}' given at a public meeting, the trustees did sell said lot and house for seven hundred and ten dollars, and invested it, in common with some two thousand dollars raised by subscription of the citizens, in the purchase of an eligible lot just outside of the corporate limits of the town, and the erection thereon of a suitable house and building for seminary purposes.
This seems to have been a good educational institution, not only for the academy proper, but in which also was taught a common school in one of its apartments, under the supervision of the principal of the academy, until August 28, 1867, when a rather formal protocol correspondence began between the trustees of the common school for that district and the trustees for the seminary, which seems to have been conducted with all the formality and sensitiveness of regular diplomacy, and which resulted finally in a general misunderstanding, and bellicose proceedings to hold the original trustees responsible for the misappropriation of the proceeds of the sale.
This lot and house so sold never belonged to the common school commissioners, nor the common school trustees of the district, but seems to have belonged to the town, not as a common, but in which a pay or subscription school had been taught. The act authorizing its sale and the reinvestment in other school buildings was, therefore, no violation of any dedication or trusts attached to it. IN or is there anything in this enactment which requires the reinvestment to be within the corporate limits of the town; and, as matter of economy and care for *254 the pupils and their advancement, it may have been proper to purchase without the town limits; and that such was the case is indicated by the evidence. And although it may be inferred that the new buildings and ground upon which they are erected are owned by a corporation consisting of stockholders, yet, if such be the case, the town still holds the amount of its investment therein.
After the procuring said enactment and ascertaining the popular will of the tax-payers of the town, and making the sale and reinvestment pursuant to these, and when it has been for several years peaceably acquiesced in, it would' seem both hard and unjust to hold the trustees personally liable for the proceeds of the sale, ignoring the investment thereof; and before such could be done, it should clearly appear that they have violated some law, trusts, or vested interest.
It may be that, by proper enactment and proceedings, the town could sell its stock in the seminary; but it cannot now be permitted to abandon this and look to the trustees for the amount so invested at the instance of the citizens and beneficiaries.
Wherefore, the judgment is reversed, with directions to dismiss the petition.